UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

      Plaintiff,

      -v-

ARLENE NOEL; and,
LOIS S. CAMPBELL, ESQ.,

      Defendants.
------------------------------------------------------X
FEUERSTEIN, S., Senior District Judge:

**FILED**
**CLERK**

8/5/2020 1:13 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

Case No. 19-cv-0358 (SFJ)(ARL)
**Memorandum and Order**

I.    <u>Introduction</u>

      Plaintiff Freedom Mortgage Corporation ("Plaintiff" or "FMC") commenced this residential mortgage foreclosure action pursuant to Article 13 of New York Real Property Actions and Proceedings Law ("RPAPL") against Defendants Arlene Noel ("Defendant" or "Noel") and Lois S. Campbell, Esq. ("Campbell") seeking a judgment of foreclosure and sale and related relief.  (*See generally* Complaint (ECF No. 1).)  Presently before the Court is Plaintiff's motion seeking summary judgment in its favor (hereafter, the "Motion") (*see* ECF No. 19; *see also* Support Memo (ECF No. 20)), which Noel opposes (hereafter, "Opposition" or "Opp'n")(*see* ECF No. 28).  For the reasons that follow, Plaintiff's Motion is GRANTED.

1

II.     Background[1]

        *A. Factual Background*

        On December 11, 2015, Noel obtained a $314,301.00 residential mortgage loan from

Plaintiff "d/b/a CHL Mortgage", which was evidenced by a note (hereafter, the "Note") and

"secured by a mortgage on real property located at 3058 Grand Avenue[ in] Baldwin, New

York" (hereafter, the "Property") that was recorded in the Nassau County Clerk's Office

(hereafter, the "Mortgage").  (Statement, ¶1.)  Noel does not dispute that she "defaulted in

repayment of the promissory note and mortgage monthly payment[s]" and that "subsequent

installments were not paid."  (*Cf., id.* at ¶2 (citing Ex. H. (Tracy Aff.)), *with* Counterstatement,

¶2 (without citation to the record); *but see*, Noel Aff., ¶9 ("On or about July 1, 2018, I was in

default under the terms of the mortgage.").)  On August 7, 2018, Plaintiff "sent RPAPL §1304

notices to [Noel] via first-class and certified mail to" the Property.  (*Id.* at ¶4.)  Further, on

August 27, 2018 and by first-class mail sent to Noel at the Property, Plaintiff provided Noel with

a pre-acceleration notice.  (*See id.* at ¶3.)  "[W]ithin three business days of mailing the RPAPL

§1304 notice" to Noel, Plaintiff "electronically filed notice with the Superintendent of Financial

Services on August 13, 2018 as required by RPAPL §1306(2) . . . ."  (*Id.* at ¶5.)  At the

commencement of this action, FMC was the holder of the Note and Mortgage.  (*See id.* at ¶6.)

---

[1] Unless otherwise indicated, the facts are taken from Plaintiff's Local Rule 56.1 Statement
(hereafter, the "Statement")(*see* ECF No. 21-1), and Noel's Local Rule 56.1 Counterstatement
(hereafter, the "Counterstatement")(*see* ECF No. 28-1).  Further, unless otherwise stated, a
standalone citation to a Statement denotes that either the parties have, or the Court has,
determined the underlying factual allegation to be undisputed.  Citation to a party's Statement
incorporates by reference the documents cited therein, if any.  The Plaintiff's exhibits are
attached to the Declaration of Stephen J. Vargas, Esq. (*see* ECF No. 21) and are identified by
letters "A" through "M".  Noel's exhibit (*see* ECF No. 28-2) is attached to her Affidavit (ECF
No. 28-1) and is identified by the letter "A"; to avoid confusion, it will be cited as "Noel Ex."
Noel has not cited to any evidence in support of her Counterstatements.

Campbell was named as a defendant in this action because she holds a judgment lien against Noel, which is recorded against the Property.  (*See* Campbell Answer (ECF No. 7), ¶5 (admitting to having judgment lien encumbering the Property); *see also* ECF No. 25.)  As the "holder of a lien encumbering the Property," Campbell admits that her lien "is subject and subordinate to Plaintiff's Mortgage."  (*Id.* at ¶4 (Campbell's admission).)

*B.  Procedural Background*

On January 17, 2019, Plaintiff filed its foreclosure Complaint, together with, *inter alia*, a "Certificate of Merit Pursuant to CPLR §3012-B" to which was attached the Note, Mortgage, and the November 21, 2018 "Corporate Assignment of the Mortgage" (hereafter, the "§3012-B Certificate").  (*See* ECF No. 1 (Complaint[2]); ECF No. 1-3 [3] (§3012-B Certificate).)  Noel and Campbell answered the Complaint.  (*See* ECF No. 14 (Noel's *pro se* Answer); ECF No. 7 (Campbell's *pro se* Answer).)  In her Answer, Noel admitted she is a citizen of New York who owns the Property and executed the Note evidencing her promise to repay the money she borrowed; she otherwise denied Plaintiff's allegations and raised three affirmative defenses: (1) FMC is not entitled to the relief it seeks (hereafter, the "First Defense"); (2) FMC has not complied with various legal prerequisites before commencing this action[4] (hereafter, the "Second

---

[2]  While the Complaint was filed January 17, 2019, it was dated January 4, 2019.

[3]  Also filed as Ex. B (ECF No. 21-3), *attached to* Vargas Declaration (*see* ECF No. 21).

[4]  Specifically, Noel claims:

> Plaintiff did not serve a notice of default.  Plaintiff did not properly accelerate the mortgage.  Plaintiff did not comply with RPAPL 1303/1304.  The allonge to the note is suspicious and disputed as authentic.  There is no assignment from Freedom Mortgage into Mers.  There is no sworn statement that Plaintiff is in possession of the original note.

3

Defense"): and, (3) a challenge to the Court's jurisdiction based upon the assertion that the expense of defending this action in federal court is prejudicial to her (hereafter, the "Third Defense"; collectively with the First and Second Defenses, the "Affirmative Defenses")).  Other than her admission that she held a "lien encumbering the Property, which is subject and subordinate to [the] Mortgage" (Campbell Answer at ¶4[5]), Campbell denied FMC's allegations. (*See* Campbell Answer, *in toto*.)  She did not raise any affirmative defenses.  (*See id.*)

Plaintiff moved for summary judgment on August 12, 2019.  (*See* ECF No. 19.) Campbell did not oppose Plaintiff's Motion.  (*See* Campbell Sept. 25, 2019 Letter Motion (ECF No. 25) ("[P]lease be advised that I do not intend to oppose the Motion For Summary Judgment and will not be putting any papers in whatsoever regarding this matter.").)  Noel retained counsel (*see* ECF No. 23 (Notice of Appearance of Marc Scolnick, Esq.)), and opposed the Motion.  (*See* ECF No. 28.)  Thereafter, FMC requested that its time to serve its reply and file the fully-briefed motion be extended.  (*See* ECF No. 29.)  However, since Plaintiff had "previously reported to the Court . . . that it had received a Loss Mitigation Application ("Application") from Defendant Noel," its motion was "granted to the extent that[:] its time to reply and file the fully-briefed Summary Judgment Motion [wa]s held in abeyance" pending a decision on the Application; and, Plaintiff was not precluded from requesting, at a later status conference, a new date for serving its reply and filing the fully-briefed Motion.  (Case Docket, November 8, 2019 electronic ORDER.)  Ultimately, such date was requested and provided (*see* ECF No. 32 (Minute Entry)),

---

(Noel Answer at 2.)

[5]  Although Campbell admitted FMC's allegation that she is "the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage" (*cf.*, Campbell Answer, ¶4, *with* Complaint, ¶4), she denied FMC's further allegation that her judgment lien is subordinate to FMC's Mortgage, has been equitably subordinated, and is adverse to Plaintiff's Mortgage.  (*Cf.*, Campbell Answer, ¶5, *with* Complaint, ¶5.)

4

with which Plaintiff complied (*see* ECF Nos. 30, 31 (Reply Memo)), thereby completing briefing on its Motion.

### C. *The Parties' Positions*

#### 1. FMC's Position

FMC contends it has "established its *prima facie* entitlement to summary judgment by submitting the unpaid Note, Mortgage, and Affidavit of . . . Erica D. Tracy, Foreclosure Specialist III of Freedom Mortgage Corporation ("Tracey Affidavit") as evidence of [Noel]'s failure to make mortgage loan payments as contractually required." (Support Memo at 4-5 (citations omitted).) Moreover, since Noel has not made an affirmative showing with admissible evidence which would substantiate her affirmative defenses, FMC contends that no triable issues of fact have been presented that would require a trial. (*See id.* at 5.) Plaintiff further asserts that Noel's three affirmative defenses are meritless. As to Noel's First Defense, FMC argues that Noel's unadorned "denial that the Plaintiff is entitled to the relief sought is belied by the Plaintiff's proofs submitted that demonstrate its entitlement to the relief sought." (*Id.*) Regarding Noel's Second Defense, FMC, citing to its competent evidence, debunks Noel's claim that FMC failed to comply with the necessary legal prerequisites before commencing this action. (*See id.* at 5-6 (citing Ex. I (Thomas Aff.) (ECF No. 21-10); *see also id.* at 6-8 (proffering Thomas Affidavit), and *id.* at 8-9 (citing Ex. D (Downs Aff.) (ECF No. 21-5)). Further and contrary to Noel's implied challenge to FMC's standing to foreclose upon the Property, under New York law, FMC has made a *prima facie* showing of its standing (*see id.* at 9-11; *see also* Tracy Aff.) and "any contention concerning the validity of the assignment of the [M]ortgage [(hereafter, the "Mortgage Assignment")] is irrelevant to [FMC]'s standing because the Note, and not the Mortgage, is the dispositive instrument that conveys standing to foreclose under New

York law." (*Id.* at 11 (citing *Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 361 (N.Y. 2015)).)

Making short shrift of Noel's Third Defense and relying on the Tracy Affidavit to do so, FMC argues that: diversity jurisdiction is established as (a) the amount in controversy exceeds $75,000, with the amount due on the Note being approximately $300,000, (b) Noel is a citizen of New York, while (c) FMC is a citizen of New Jersey (*see id.* at 11-12 (citing 28 U.S.C. §1332(a)(1))); and, Noel's "claim of prejudice based on the lack of a CPLR §3408 residential mortgage foreclosure settlement conference fails because CPLR §3408" is a rule that applies to New York courts and "not to federal courts adjudicating foreclosure actions based on their diversity jurisdiction." (*Id.* at 12 (citation to collected cases omitted); *see also id.* at 13 ("[T]he existence of CPLR §3408 is not a reason for this Court to abstain and not adjudicate the merits of the foreclosure action, nor is it a legal defense to a foreclosure action brought in federal court." (citing *Gustavia Home, LLC v. Nunu*, No. 16-cv-3989, 2018 WL 4006881, at *4 (E.D.N.Y. June 29, 2018), *report & recommendation adopted by* 2018 WL 3574869 (E.D.N.Y. July 25, 2018))).)

### 2.  Noel's Position

Noel argues that FMC may have colluded to manufacture diversity jurisdiction (*see* Opp'n at 3-4[6]), asserting that the Mortgage Assignment was employed to "'inappropriate[ly] channel ordinary . . . contract litigation, essentially [a] dispute[] of a local nature, into the federal courts.'"  (*Id.* at 4 (quoting *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 863 (2d Cir. 1995)).)  Identifying the *Airlines Reporting* factors, which courts consider when assessing whether an assignment that forms the basis of alleged diversity jurisdiction is collusive (*see id.* at

---

[6]  The pages of Noel's Opposition are unnumbered.  Therefore, in its citation to the Opposition, the Court will be utilizing the pagination generated by the Court's Electronic Case Filing System for this document.

4 (enumerating the six *Airlines Reporting* factors (citing *Airlines Reporting*, 58 F.3d at 863))),

Noel maintains consideration of each relevant factor favors affords her the opportunity to

conduct discovery regarding the Mortgage Assignment.  (*See id.* at 5-6.)

Noel further claims she submitted a loan modification application on October 23, 2019.

(*See id.* at 6 (citing Noel Aff. (ECF No. 28-1), ¶12 ("On October 24, 2019, I submitted a loan

modification application to the attorney for the Plaintiff.")).)  According to Noel, pursuant to 12

C.F.R. § 1024.41(g):

> if a mortgage borrower submitted *a complete* loss mitigation
> application after a servicer has made the first filing required by
> applicable law for any judicial foreclosure process, but more than
> 37 days before the foreclosure sale, a servicer shall not move for
> foreclosure or order of sale unless the borrower fails to perform
> under the agreement on a loss mitigation option, the borrower
> reject[s] all loss mitigation options offered by the servicer, or the
> servicer sent the borrower a notice that she in not eligible for any
> loss mitigation option[s].

(*Id.* (emphasis added)(citing 12 C.F.R. § 1024.41(g)(1)-(3)).)  Noel does not explain the

relevance or offer any evidence regarding the applicability of 12 C.F.R. § 1024.41(g) to her case.

(*See id.*)

### 3.  FMC's Reply

Plaintiff claims it has established New Jersey citizenship since that is the state in which it

was incorporated and where its principal place of business is located, as shown by its Amended

and Restated Certificate of Incorporation filed January 18, 2018 with the New Jersey Department

of the Treasury.  (*See* Reply at 2-3 (citing Reply Ex. A (ECF No. 30-1), *attached to* Vargas

Reply Decl. (ECF No. 30).)  As Noel is a citizen of New York, there is no basis for any

challenge to the Court's subject matter jurisdiction in this action.  (*See id.* at 3.)  Moreover,

Plaintiff argues that "an 'assignment' of the Note to Plaintiff from itself" was unnecessary

"because it was the original Lender that loaned [Noel] $314,301 on December 11, 2015." (*Id.*) FMC further contents that the "assignment of the [M]ortgage is immaterial" "because an assignment of mortgage is irrelevant to a Plaintiff's authority to sue for foreclosure since the holder of the Note is deemed the owner of the underlying mortgage with standing to foreclose." (*Id.* (citing *Taylor*, 25 N.Y.3d at 362).)

Plaintiff rejects Noel's argument that FMC represented itself as a New York corporation on the loan documents (*see id.* at 4), contending that the Melville, New York address for Freedom Mortgage Corporation d/b/a CHL Mortgage is no more than the location of one of its branch offices. (*See id.* at 4 (citing *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317 (2006)).)

Finally, Plaintiff states: "Although [Noel] relied on 12 C.F.R. § 1024.41(g) and averred she submitted a completed loss mitigation application to the Plaintiff, she failed to support this conclusory and self-serving allegation with documentary evidence, which rendered her unable to prove her claim." (*Id.* (citations omitted).) As such, FMC contends Noel has "failed to raise an issue of fact as to Plaintiff's compliance with, or applicability of, this rule." (*Id.* at 5.)

III.   Discussion

*A.  The Summary Judgment Motion Standard*

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *accord Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); *see also Ricci v. DeStefano*, 557

U.S. 557, 129 S. Ct. 2658, 2677 (2009) ("On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (emphasis added; internal quotations and citation omitted)).

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (quotations, alterations and citation omitted), and "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019) (quotations and citation omitted); *see also Hancock v. County of Rensselaer*, 823 F.3d 58, 64 (2d Cir. 2018) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)); *accord Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted); *accord Jaffer*, 887 F.3d at 114. "[W]hen the moving party has carried its burden[,] . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769 (2007) (quoting *Matsushita Elec.*, 475 U.S. at 586-87), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" *Miner v.*

*Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted).  The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party."  *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted).  Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)(quotations and citations omitted).

Furthermore, in moving for or opposing summary judgment, the Local Rules require parties to provide statements setting forth purported undisputed facts and responses to such asserted facts.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). Each statement must be supported by citation to admissible evidence in the record, *see* Local Civil Rule 56.1(b), (d), and where a statement is not "specifically controverted," it "*will be deemed to be admitted* for purposes of the motion."  Local Rule 56.1(c) (emphases added); *see also Giannullo*, 322 F.3d at 140 ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)); *Taylor & Fulton Packing, LLC v. Marco Intern. Foods, LLC*, No. 09-cv-2614, 2011 WL 6329194, at *4 (E.D.N.Y. Dec. 16, 2011)("Where a nonmovant . . . files a deficient statement, *courts frequently deem all **supported assertions** in the movant's statement admitted* and find summary judgment appropriate." (footnote omitted; emphases added)).  To specifically

controvert a statement of material fact, a nonmovant must do so with specific citation to

admissible evidence.  *See* Local Rule 56(d); *see also Ezagui v. City of N.Y.*, 726 F. Supp.2d 275,

285 n.8 (S.D.N.Y. 2010)(noting statements which a nonmovant does "not specifically deny–with

citations to supporting evidence–are deemed admitted for purposes of [movant's] summary

judgment motion") (collecting cases); *Universal Calvary Church v. City of N.Y.*, No. 96-cv-4606,

2000 WL 1745048, *2 n.5 (S.D.N.Y. Nov. 28, 2000).  "'[W]here there are no[] citations or

where the cited materials do not support the factual assertions in the Statements, the Court is free

to disregard the assertion.'" *Holtz*, 258 F.3d at 73-74 (2d Cir. 2001) (quoting *Watt v. N.Y.

Botanical Garden*, No. 98-cv-1095, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000);

further citations omitted).  It is not the role of the Court to search the summary judgment record

for evidence supporting a nonmovant's opposition.  *See N.Y.S. Teamsters Conf. Pension & Ret.

Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005)(recognizing authority of

district courts to institute local rules governing summary judgment submissions, which permits

courts "to efficiently decide" such motions "by relieving them of the onerous task of 'hunt[ing]

through voluminous records without guidance from the parties'" (further citations omitted));

*Ford v. Ballston Spa Cent. Sch. Dist.*, Nos. 05-cv-1198, 05-cv-1199, 2008 WL 697362, at *3

(N.D.N.Y. Mar. 13, 2008) (same).

    *B.  The Instant Case*

       1.  The Court's Jurisdiction

Pursuant to 28 U.S.C. § 1359,[7] "[a] district court shall not have jurisdiction of a civil

action in which any party, by assignment or otherwise, has been improperly or collusively made

---

[7]  Hereafter, citation to 28 U.S.C. § 1359, the 'anti-collusion' statute, will be by section number
only, *i.e.*, "§ 1359".

or joined to invoke the jurisdiction of such court." Where a defendant has presented sufficient evidence challenging a court's jurisdiction upon the basis of collusion, the plaintiff claiming diversity jurisdiction has the burden of proving it, which, in this instance, would be proving that the subject Mortgage Assignment is legitimate. *See Gustavia Home, LLC v. 10586 Flatlands 1 Realty Corp.*, No. 17-cv-4188, 2019 WL 2056700, at *9 (E.D.N.Y. Mar. 31, 2019)(finding, where defendant "presented sufficient evidence pursuant to [§]1359 to raise a question as to the Court's subject matter jurisdiction" and plaintiff failed to present any evidence that the challenged note assignment was not collusive, plaintiff "failed to carry its burden of demonstrating that the Court has subject matter jurisdiction over th[e] case") (adopting report & recommendation); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)("[T]he party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))); *Airlines Reporting*, 58 F.3d at 863 ("[T]he burden falls on the party asserting diversity to demonstrate that the reason given for the assignment is legitimate."). Indeed, the Second Circuit gives "careful scrutiny to assignments which might operate to manufacture diversity jurisdiction" since "such devices, unless controlled, can provide a simple means of expanding federal diversity jurisdiction far beyond [its] purpose." *Catskill Dev., L.L.C. v. Park Place Entern. Corp.*, 547 F.3d 115, 124 (2d Cir. 2008) (quoting *Airlines Reporting*, 58 F.3d at 862 (instructing that § 1359 is construed "broadly to bar any agreement whose 'primary aim' is to concoct federal diversity jurisdiction")); *see also AEP-PRI Inc. v. Galtronics Corp. Ltd.*, 576 F. App'x 55, 56 (2d Cir. 2014) (same).

> In determining whether an assignment is improper or collusive, "several factors may be relevant," including: "the assignee's lack of a previous connection with the claim assigned; the remittance by the assignee to the assignor of any recovery;

whether the assignor actually controls the conduct of the litigation; the timing of the assignment; the lack of any meaningful consideration for the assignment; and the underlying purpose of the assignment." [*Catskill Dev., L.L.C.*, 547 F.3d at 124] (quoting *Airlines Reporting*, 58 F.3d at 863). "No single factor is dispositive." *LCE Lux HoldCo S.a.r.l. v. Entretenimiento GM de Mexico S.A. de C.V.*, 287 F.R.D. 230, 239 (S.D.N.Y. 2012) (citing *Airlines Reporting*, 58 F.3d at 863). Assignments between parent companies and their subsidiaries are considered "presumptively ineffective." *AEP-PRI Inc.*, 576 F. App'x at 56 (quoting *Airlines Reporting*, 58 F.3d at 862).

*10586 Flatlands*, 2019 WL 2056700, at *7. "To overcome this presumption, the plaintiff-assignee must 'articulate a legitimate business purpose for the assignment.'" *AEP-PRI*, 576 F. App'x at 56 (quoting *Airlines Reporting*, 58 F.3d at 863).

In the instant case, Noel has not presented sufficient evidence pursuant to § 1359 to raise a question regarding the Court's diversity subject matter jurisdiction. She cites to: the Mortgage Assignment (*see* Opp'n at 5); the Vargas Declaration (*see id.* at 6 (citing "ECF No. 21, at 3")); and, the first page of the Mortgage (*see id.* (citing "ECF No. 21-3, at 7")), none of which raise an inference that the primary aim of the Mortgage Assignment was to concoct federal diversity, especially when considered in context with the *Airline Reporting* arguments Noel advances.

Noel is incorrect in arguing that the Mortgage Assignment was "entered into shortly after this case was commenced." (Opp'n at 5.)  The Mortgage Assignment occurred in November 2018, before the January 17, 2019 commencement of this action (*see* ECF No. 21-3 (stating "Date of Assignment:  November 21, 2018"); *see also* Ex. B at 18-19), to which Noel, herself, attempts to attest.[8]  (*See* Noel Aff., ¶10 (stating that the Mortgage Assignment occurred "[o]n or

---

[8]  The Court observes that Noel's Affidavit, submitted in support of her Opposition, is not made upon personal knowledge and, therefore, fails to show how she is competent to testify about Freedom Mortgage Corporation d/b/a CHL Mortgage.  *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit . . . used to . . . oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the

about November 21, 2018").)  The subsequent recording of the Assignment, which occurred after the January 17, 2019 commencement date (*see* Vargas Decl., ¶3 (stating the Mortgage Assignment was recorded on February 21, 2019)), is inconsequential, especially since "an assignment of a . . . mortgage need not be in writing and can be effectuated by physical delivery."  *Bank of N.Y. v. Silverberg*, 86 A.D3d 274, 280 (N.Y. App. Div., 2d Dep't 2011) (stating further that the "assignment of the debt carries with it the security therefor, even though such security be not formally transferred in writing" (citation omitted)).  Therefore, there is no merit to Noel's contention that the Mortgage Assignment raises suspicion because of its timing.

Second, Noel's 'lack of meaningful consideration' argument is unavailing, especially considering her reliance upon *10586 Flatlands*.  (*See* Opp'n at 5 (arguing that because FMC has not disclosed what "value" it received for the assignment of the Mortgage, "'[t]his factor . . . weighs in favor of finding of collusion.'" (quoting *10586 Flatlands*, 2019 WL 2056700, at *8)).) *10586 Flatlands* is distinguishable since it involved three prior attempts to foreclose upon the subject property in state court and the assignments of mortgage notes, which evidenced the transfer of debt obligations.  In this action, FMC's is the only attempt to foreclose upon the Property, and there has been no assignment of the Note since Plaintiff "was the original Lender that loaned [Noel] $314,301.00 on December 11, 2015."  (Reply at 3 (citing Ex. B, Mortgage, ¶1)).  In any event, "[a]s a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note."  *Silverberg*, 86 A.D3d at 280; *see also, e.g.*, *In re Escobar,* 457 B.R. 229, 239-40 (E.D.N.Y. 2011) ("*Silverberg* followed a long,

matters stated.").  (*Cf.,* Noel Aff., ¶¶2-6, 10.)  Moreover, the majority of those statements are unadorned, lacking any citation to evidence supporting them.  (*See* Noel Aff., ¶¶2-5.)

long line of New York cases which held or stated that, as a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note . . . .  Similarly, New York has long recognized that assignment of the mortgage carries with it no rights to enforce the debt.").  Hence, any lack of evidence regarding meaningful consideration in this instance does not impute impropriety or collusion.

Finally, Noel's contention that the connection between Plaintiff and the Mortgage Assignment offends §1359 (*see* Opp'n at 5) is specious.  The cited Mortgage defines "Freedom Mortgage Corporation DBA CHL Mortgage" as the Lender, which did not "represent[] itself as a New York corporation" with "New York headquarters" as Noel argues (*id.*), but as "a corporation or association which exists under the laws of New York" whose "address is 175 Pinelawn Road, Suite 400, Melville, NY 11747."  (Mortgage at 1 (ECF No. 21-3 at 7).)  Without more, this falls short of demonstrating that FMC is deemed a citizen of New York, as an entity may exist under the laws of New York without New York State having been the state that incorporated it.  *See generally* N.Y.S. Bus. Corp. L. §1301 *et seq*. ("(a) A foreign corporation shall not do business in this state until it has been authorized to do so as provided in this article. A foreign corporation may be authorized to do in this state any business which may be done lawfully in this state by a domestic corporation, to the extent that it is authorized to do such business in the jurisdiction of its incorporation, but no other business.").  Providing an address for an entity, without more, does not establish that the cited location is the entity's principal place of business.  *See* 28 U.S.C. §1332(c)(1) (stating that for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.") Moreover, in this instance, the only evidence proffered by Noel is a November 3, 2014 blogpost

15

by Plaintiff (hereafter, the "Blogpost"), which undermines her argument.  (*See* Noel Ex.).

According to the Blogpost:

> Freedom Mortgage Corporation, a privately held, full-service residential mortgage lender licensed in all 50 states, announced an agreement reached with Continental Home Loans of Melville, New York to acquire the assets of the Long Island-based mortgage lender.  *Management and staff formerly with Continental Home Loans join CHL Mortgage, <u>a division of Freedom Mortgage</u>*.
> * * *
> As Freedom Mortgage's CHL Division, the organization will continue to be led by its exceptional executive team . . . .
> * * *

(Noel Ex. at 1 (emphases added).)  The Blogspot also has a section entitled "About Freedom Mortgage" which states, *inter alia*, "The company was founded in 1990 and *is headquartered in* Mount Laurel, *New Jersey*."  (*Id.* at 2 (emphasis added).)  Thus, Noel's own evidence does not support the position she advocates.

In response, FMC has affirmatively shown that, when this action was commenced, it was a citizen of New Jersey with its principal place of business in that state.  (*See* Reply Ex. A. (State of New Jersey, Dep't of Treasure, Filing Certification (Certified Copy) 0100445805, regarding Freedom Mortgage Corporation's Amended and Restated Certificate of Incorporation), *attached to* Vargas Reply Decl. (ECF No. 30-1).)  *See also, e.g., Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)("jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it"); *10586 Flatlands*, 2019 WL 2056700, at *6 ("In order for a court to have jurisdiction, diversity of citizenship need only exist at the time the action is commenced." (quoting *Dukes ex rel. Dukes v. N.Y.C. Emps. Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014); further citations omitted)); *cf., Freedom Mortgage Corporation v. Ervin*, No. 18-cv-1082, 2019 WL 2436298, at *4 (E.D.N.Y. Feb. 12, 2019)(finding FMC established diversity jurisdiction in a residential

16

foreclosure action based upon its allegations "that it is incorporated and has its principal place of business in New Jersey," the defendants are citizens of states other than New Jersey, and the amount in controversy exceeded § 1332(a)'s $75,000 threshold).  Since Plaintiff was the Lender, it did not have to assign the Note to itself.  (*See* Reply at 3.)  Nonetheless, competent evidence establishes that when this case was commenced, FMC was the holder of the approximate $300,000 Note (*see* Tracy Aff., ¶2 (declaring FMC "had possession of the Promissory Note on 10-24-18 and was in possession of the Promissory Note prior to and on January 17, 2019, the date on which it commenced this . . . action")).  Hence, since: FMC was the holder of the Note at the time this action was filed, which establishes a controversy in excess of $75,000; it is undisputed that Noel is a citizen of New York; and, Plaintiff's responsive evidence affirmatively establishes that it was a citizen of New Jersey when it initiated this action, FMC has met its burden of demonstrating that, when this case was commenced, the Court had diversity subject matter jurisdiction over it.

### 2.  Foreclosure: *Prima Facie* Case & Affirmative Defenses

> In a foreclosure action under New York law, a plaintiff establishes a *prima facie* entitlement to summary judgment by producing (1) the Note and Mortgage; (2) proof of the mortgagor's default on payments due under the Note; and (3) notice to the debtor of default.  *See Builders Bank v. Charm Devs. II, LLC,* Nos. 09-cv-3935 & 09-cv-4410, 2010, WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) ("[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court with proof that the Mortgagor has failed to make payments due under the Note." (quotation omitted)).  If these elements are established, plaintiff gains a presumptive right to collect on the debt that can only be overcome by a meritorious affirmative defense. *See CIT Bank, N.A. v. O'Sullivan*, No. 14-cv-5966, 2016 WL 2732185, at *4 (E.D.N.Y. May 10, 2016).

*CIT Bank, N.A. v. Tineo*, No. 17-cv-5119, 2019 WL 6828360, at *3 (E.D.N.Y. Dec. 13, 2019).

Having failed to specifically controvert any of Plaintiff's Statements (*see* Counterstatements, *in toto; see also, supra*, note 1), Noel is deemed to have admitted the Plaintiff's Statements.  *See* Local Civil Rules 56(c) & (d); *Taylor & Fulton*, 2011 WL 6329194, at *4 (E.D.N.Y. Dec. 16, 2011); *Ezagui v. City of N.Y.*, 726 F. Supp.2d at 285 n.8; *cf.*, *Holtz*, 258 F.3d at 73-74 ("'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion'" (citation omitted)).  Thus, upon the record presented, FMC has established its *prima facie* entitlement to summary judgment by producing; the Note and Mortgage (*see* Ex. B (ECF No. 21-3)); evidence that that Noel has defaulted on her payments under the Note (*see* Tracy Aff., Ex. H (ECF No. 21-9), ¶4; *see also* Noel Aff., ¶9 (declaring being in default under the terms of the Mortgage on or about July 1, 2018)); and, proof that Noel received notices regarding her default (*see* Tracy Aff., Ex. H, and Thomas Aff., Ex. I (ECF No. 21-10); *cf.*, Counterstatement, ¶¶ 3-5 (admitting Plaintiff sent notices)).

Noel has not overcome the Plaintiff's presumptive right to collect on the debt because she has failed to present any evidence supporting any of her Affirmative Defenses.  (*See* Support Memo at 5.)  Moreover, notwithstanding the Plaintiff's extensive arguments opposing Noel's Affirmative Defenses (*see id.* at 5-13), Noel has not responded to any of those arguments in her Opposition.  Thus, Noel's nonresponse is deemed a wavier of her Affirmative Defenses.  *See, e.g., Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014)("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); *Camarda v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016)("Even where abandonment by a counseled party is not explicit, a court may infer abandonment from the papers and circumstances viewed as a whole." (internal quotation

marks and citation omitted)); *Neurological Surgery, P.C. v. Travelers Co.*, 243 F. Supp.3d 318, 329 (E.D.N.Y. 2017)(deeming an argument waived because it was not addressed in a party's opposition brief); *see also Patacca v. CSC Hldgs., LLC*, No. 16-cv-679, 2019 WL 1676001, at *13 (E.D.N.Y. Apr. 17, 2019)(deeming waived claims which are not fully addressed in opposition papers)(collecting cases); *Petrisch v. HSBC Bank USA, Inc.,* No. 07-cv-3303, 2013 WL 1316712, at *17 (E.D.N.Y. Mar. 28, 2013)(collecting cases holding that where party fails to address arguments in opposition papers on summary judgment motion, the claim is deemed abandoned); *Robinson v. Am. Int'l Grp., Inc.*, No. 08-cv-1724, 2009 WL 3154312, at *4 & n.65 (S.D.N.Y. Sept. 30, 2009) (collecting cases where claims deemed abandoned for failing to oppose arguments raised in summary judgment motions), *aff'd,* 396 F. App'x 781 (2d Cir. 2010).

To the extent Noel raises 12 C.F.R §1024.41(g), there is no evidence that Noel submitted any loss mitigation application. *Cf.,* 12 C.F.R §1024.41(g) (requiring submission of "a *complete* loss mitigation application" (emphasis added)), *with* Noel Aff., ¶12 (attesting to having "submitted *a* loan modification application" (emphasis added)(without citation to said Application)). This unsupported, conclusory claim of a submitted Application presents little more than speculation and conjecture, which is insufficient to defeat granting of summary judgment. *See Federal Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (quoting *Fletcher v. Alex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995))); *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) ("While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, . . . conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]" (quotations, alterations and citations omitted)). Since "there is

no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (quotations and citations omitted).  As a result and as a matter of law, FMC is entitled to summary judgment in its favor.

* * *

To the extent not expressly addressed, the Court has considered Noel's remaining arguments and finds them to be without merit.

IV.    <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

A.  the Plaintiff's Summary Judgment Motion is GRANTED;

B.  within 14 days of entry of this Memorandum and Order, Plaintiff shall submit an updated proposed Judgment of Foreclosure and Sale (*see, e.g.*, ECF No. 21-14);

C.  Noel and Campbell shall have seven days thereafter to file objections, if any, to Plaintiff's updated proposed judgment; and

D.  once a Judgment of Foreclosure and Sale is entered on the docket, the Clerk of Court is directed to close this case.

The August 18, 2020 Status Conference is marked off the Court's calendar.

SO ORDERED this 5th day of August 2020 at Central Islip, New York.

/s/  *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

20